IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LARRY WILLIAMS, #94203, | Civil Action No. 3:08-3867-MBS-JRM |
| Plaintiff, | |
| vs. | |
| OFFICE ROBERTSON;<br>WARDEN MCCALL;<br>MAJOR BUSH;<br>CAROLINE LINDSEY, STAFF ATTORNEY;<br>LT. WILLIAMS;<br>LT. EARL;<br>CAPT. ABSTEN;<br>CAPT. TICH;<br>DEBRA BARNWELL;<br>MR. JON OZMINT, DIRECTOR; AND<br>STEPHEN CLAYTON, WARDEN, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This action was filed by the pro se Plaintiff on December 1, 2008.[1] Plaintiff appears to allege that Defendants violated his constitutional rights by subjecting him to excessive force. At the time of the alleged incidents, he was an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants filed a motion for summary judgment on June 26, 2009. Because Plaintiff is proceeding pro se, he was advised on June 29, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed responses on August 25 and 27, 2009.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

**MOTION FOR PRELIMINARY INJUNCTION**

On October 31, 2008, Plaintiff filed a motion in which he appears to request a transfer and that Defendants be criminally prosecuted. Defendants did not file a response.

The undersigned construes Plaintiff's motion as one for a preliminary injunction. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., __ U.S __, 129 S.Ct. 365, 374-376, 172 L.Ed.2d 249 (2008).[2]

Plaintiff is unlikely to be successful in the underlying dispute, as discussed below. His request for a transfer[3] appears to be moot, as he has been transferred to the Lieber Correctional Institution of the SCDC. See Doc. 39 (Change of Address).[4] To the extent that Plaintiff is asking the court to have Defendants prosecuted criminally, his claim fails. No citizen has an enforceable right to

---

[2]The previous Fourth Circuit balance-of-hardship test set out in Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir.1997) is no longer to be applied when granting or denying preliminary injunctions. Rather, the standard articulated in Winter governs the issuance of such emergency relief. See Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F.3d 342 (4th Cir. 2009).

[3]To the extent that Plaintiff is attempting to transfer a lawsuit to another court, he has not provided a case number of the case in question and has not shown that this Court has jurisdiction over the case in question.

[4]Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). An inmate does not have a constitutional right to be confined in a particular location. See Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976).

institute a criminal prosecution. Linda R.S. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990) (prison officials entitled to qualified immunity for their actions in screening inmate requests that they be transported to court to press criminal charges). He also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.[5]

## MOTION FOR SUMMARY JUDGMENT

Plaintiff appears to allege that his constitutional rights were violated because Defendant Robertson used excessive force against him. He may also be attempting to allege a state law claim for assault. Defendants contend that their motion for summary judgment should be granted because: (1) the amount of force used by Officer Robertson was not excessive under the circumstances; (2) even if Plaintiff's allegations are true, he has suffered only de minimus injury; and (3) Defendants are entitled to qualified immunity.

### 1. Excessive Force

Plaintiff appears to allege that he was subjected to excessive force because Officer Robertson choked him on September 5, 2008. Officer Robertson denies choking Plaintiff. Defendants contend that they are entitled to summary judgment because the amount of force used by Officer Robertson was not excessive under the circumstances and Plaintiff suffered only de minimis injury.

---

[5]Even if the Blackwelder test is used, Plaintiff's motion for a preliminary injunction should be denied because he is unlikely to be successful in the underlying dispute, it is unlikely that he will suffer irreparable injury if the interim relief is denied, and there is no indication that it would be in the public interest to award relief.

Determination of whether cruel and unusual punishment has been inflicted on a prisoner in violation of the Eighth Amendment requires analysis of subjective and objective components. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). First, the objective portion of an excessive force claim requires a prisoner to show that the injury inflicted was sufficiently serious. Although a plaintiff need not show a significant injury, see Hudson v. McMillian, 503 U.S. 1, 7 (1992), the Fourth Circuit, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d at 1263. Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis. See id. at 1262-63. With only de minimis physical injury, a prisoner may only recover if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Id. at 1263 n. 4. The Fourth Circuit has explained:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain. In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

Id. at 1263, n. 4.

Defendants have submitted a copy of Plaintiff's medical records from SCDC. These records reveal that September 8, 2009, Plaintiff complained to nurse Willa Huggins that he had been grabbed by his neck over the weekend by an SCDC officer, his entire neck hurt, and he had trouble swallowing. The nurse noted that there were no marks or swelling on Plaintiff's neck and he no

4

problem with his turning his head from side to side. Records of later visits to SCDC medical reveal that Plaintiff did not complain any further about his neck. Plaintiff did allege in a visit to the mental health clinic on September 25, 2008[6] that he was choked, but did not complain of any injury from the alleged incident. See Brenda Dash-Frazier Aff. and Attachments (Plaintiff's Medical Records).

Plaintiff fails to establish an Eighth Amendment claim because he alleges no more than de minimis injury. Thus, any use of force by Defendants was de minimis. See, e.g., Norman, 25 F.3d at 1262-64 (keys swung at inmate's face which struck his thumb was de minimis force); Gavin v. Ammons, 21 F.3d 430, 1994 WL 117983 (7th Cir. April 6, 1994)[Table](guard's pulling of inmate's hair was de minimis force); Calabria v. Dubois, 23 F.3d 394, 1994 WL 209938 (1st Cir. May 24, 1994)[Table](radio belt thrown at face of inmate causing blood to appear was de minimis force); White v. Holmes, 21 F.3d 277, 280-81 (8th Cir. 1994)(keys swung at inmate which slashed his ear was de minimis force); Jackson v. Pitcher, 966 F.2d 1452, 1992 WL 133041 (6th Cir. June 16, 1992)[Table](guard's stomp on the hand of inmate was de minimis force), cert. denied, 506 U.S. 1024; Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(corrections officer's pushing

---

[6]To the extent that Plaintiff is attempting to assert a claim of medical deliberate indifference for any delay in treatment, it is recommended that such a claim be dismissed sua sponte. Plaintiff fails to show that he had any serious medical need to which Defendants were deliberately indifferent. See Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). Further, to the extent that he alleges a claim due to a delay in treatment, he fails to show that the delay resulted in some substantial harm or that it created a substantial risk of serious harm of which Defendants were aware. See, e.g., Webb v. Hamidullah, 281 Fed.Appx. 159 (4th Cir. 2008)(Eighth Amendment violation only occurs if the delay results in some substantial harm to the patient); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993) (same); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (same). But see Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir.2004) ("This [constitutional] violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm [of which prison officials are aware].").

a cubicle wall so as to strike plaintiff's legs, brusque order of the inmate out of his cell and poking inmate in the back was de minimis force); see also Roberts v. Samardvich, 909 F. Supp. 594 (N.D.Ind. 1995)(grabbing inmate, pushing him up the stairs toward his cell, and placing him in cell cuffed, shackled, and secured to the door was de minimis force under the circumstances); McMiller v. Wolf, 1995 WL 529620 (W.D.N.Y. August 28, 1995)(snatching inmate's mirror, breaking it against cell bars and thereby lacerating inmate's finger was de minimis force); Crow v. Leach, 1995 WL 456357 (N.D.Cal. July 28, 1995)(corrections officer's pushing inmate into chair causing his shoulder to break window behind him was de minimis force); Jackson v. Hurley, 1993 WL 515688 (N.D.Cal. November 23, 1993)(blow to back of neck with forearm and kick to the ankle of inmate were de minimis force); DeArmas v. Jaycox, 1993 WL 37501 (S.D.N.Y. February 8, 1993), aff'd, 14 F.3d 591 (2d Cir. 1993)(corrections officer's punching inmate in arm and kicking inmate in leg was de minimis force); Olson v. Coleman, 804 F. Supp. 148, 150 (D. Kan. 1992)(single blow to head of handcuffed inmate was de minimis force); Candelaria v. Coughlin, 787 F. Supp. 368, 374-75 (S.D.N.Y. 1992)(fist pushed against neck of inmate causing him to lose his breath was de minimis force), aff'd, 979 F.2d 845 (2d Cir. 1992)[Table]; Neal v. Miller, 778 F. Supp. 378, 384 (W.D.Mich. 1991)(backhand blow with fist to the groin of inmate was de minimis force); Ramos v. Hicks, 1988 WL 80176 (S.D.N.Y. July 25, 1988)("bent wrist comealong hold" or single punch not unreasonable or excessive where inmate ignored repeated order, became agitated, and attempted to damage state property); Anderson v. Sullivan, 702 F. Supp. 424, 426 (S.D.N.Y. 1988)(corrections officer's pulling inmate's arms behind back, lifting them up and forcing inmate's face into cell bars was de minimis force).

Even if Plaintiff could show that his injuries were more than de minimis, he fails to establish the subjective component of his excessive force case. Appropriate force may be used by prison officials when it is intended to maintain discipline within a prison institution or to restore order. See Hudson, 503 U.S. at 6; Whitley v. Albers, 475 U.S. 312, 320-21 (1986). When an inmate claims prison officials used excessive force "he is forced to meet a higher standard (than deliberate indifference) to establish the subjective component." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The subjective portion of an excessive force claim requires a prisoner to demonstrate that officials inflicted force sadistically and maliciously for the sole purpose of causing harm. See Whitley, 475 U.S. at 320-21; Williams v. Benjamin, 77 F.3d at 761. The Supreme Court has directed that several factors should be balanced in determining whether prison officers acted maliciously and sadistically. These factors, originally set out in Whitley, include:

> (1) the need for the application of force,
>
> (2) the relationship between that need and the amount of force used,
>
> (3) the threat "reasonably perceived by the responsible officials," and
>
> (4) "any efforts made to temper the severity of a forceful response."

Hudson, 503 U.S. at 7 (citations omitted); see also Williams v. Benjamin, 77 F.3d at 762. The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. Hudson, 503 U.S. at 7.

Plaintiff fails to establish the subjective component of his excessive force claim. Force was necessary to gain control of Plaintiff. Officer Robertson states that he observed Plaintiff take something from another inmate, he ordered Plaintiff to hand the item over, and Plaintiff disobeyed the order and put the item in his mouth. Robertson Aff., Para. 2. He gave Plaintiff a direct order to

7

spit the object out, but Plaintiff swallowed the item. Robertson states that he merely put his right hand on Plaintiff's left shoulder to keep Plaintiff from turning away from him and after Plaintiff swallowed the item, Plaintiff was instructed to turn around to be cuffed. Robertson Aff., Para. 2 and 3. Robertson's actions appear to be an appropriate use of force because of the need to try to prevent Plaintiff from swallowing something that might be harmful. See Incident Report and Robertson Aff. There was a reasonable threat because Plaintiff disobeyed Robertson's orders. As discussed above, there is no indication that Plaintiff suffered anything more than de minimis injury from the incident. Finally, Defendants' actions appear to have been a good-faith effort to protect Plaintiff and restore order.

### 2. **Immunity**

Defendants contend they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if

8

there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

### 3. State Law Claims

Plaintiff may be attempting to assert a claim for assault under South Carolina law. As he fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed sua sponte.

### CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 47) be granted and that any remaining state law claims be dismissed sua sponte. It is also recommended that Plaintiff's motion for a preliminary injunction (Doc. 21) be denied.

_____
Joseph R. McCrorey
United States Magistrate Judge

September 24, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).