```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
            COLUMBIA DIVISION
```

| | |
|---|---|
| Larry Williams, #94203, | ) |
|                  Plaintiff, | ) C.A. No. 3:08-3867-MBS |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Officer Robertson; Warden McCall; Major Bush; Carolina Lindsey, Staff Attorney; Lt. Williams; Lt. Earl; Capt. Absten; Capt. Tich; Debra Barnwell; Mr. Jon Ozmint, Director; and Stephen Clayton, Warden, | ) |
|                  Defendants. | ) |

Plaintiff Larry Williams, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on December 1, 2008, seeking damages and injunctive relief. At the time of the alleged incident, Plaintiff was housed at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff was subsequently moved to the Lieber Correctional Institution of the SCDC. Plaintiff appears to allege in his complaint that Defendants Officer Robertson; Warden McCall; Major Bush; Carolina Lindsay, Staff Attorney; Lieutenant Williams; Lieutenant Earl; Captain Absten; Captain Tich; Debra Barnwell; Mr. Jon Ozmint, Director; and Stephen Clayton, Warden violated his constitutional rights by subjecting him to excessive force. Plaintiff also requests a transfer to a different correctional institution. On June 26, 2009, Defendants filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on June 29, 2009, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On August 25 and 27, 2009, Plaintiff filed responses.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On September 24, 2009, the Magistrate Judge filed a Report and Recommendation recommending that: 1) Defendants' motion for summary judgment be granted, 2) any remaining state law claims be dismissed *sua sponte*, and 3) Plaintiff's motion for a preliminary injunction be denied. The Magistrate Judge specifically found that Plaintiff alleges no more than de minimis injuries and that Plaintiff could not establish that force was inflicted sadistically and maliciously for the sole purpose of causing harm. Plaintiff filed objections to the Report and Recommendation on October 7, 2009.

## **FACTS**

Plaintiff alleges that Officer Robertson choked Plaintiff on September 5, 2008 during a mid-day transfer at Perry Correctional Institution. Officer Robertson denies choking Plaintiff. Officer Robertson claims that he witnessed another prisoner pass Plaintiff an object of some kind during the September 5, 2009 transfer. Officer Robertson claims that he placed his right hand on Plaintiff's left shoulder and ordered Plaintiff to spit the object out, but that Plaintiff swallowed the object. Officer Robertson states that he was trying to prevent Plaintiff from swallowing the potentially harmful object. Plaintiff does not deny being passed an object by another prisoner and swallowing it. Plaintiff avers that the object was a legal case number or a phone number on a piece of paper.

Plaintiff's medical records from SCDC indicate that on September 8, 2009, Plaintiff complained that he had been grabbed by his neck over the weekend by an SCDC officer and that his entire neck hurt. The record from that date indicates that no marks or swelling were observed on Plaintiff's neck and Plaintiff had no difficulty turning his head from side to side. Moreover, contrary to the Magistrate Judge's Report, the medical records indicate that Plaintiff had no trouble

2

swallowing at that time. *See* Plaintiff's Medical Records. The medical records indicate that Plaintiff did not complain about his neck during subsequent visits to the SCDC medical facility. *Id.* On September 25, 2008, during a visit to the mental health clinic Plaintiff did allege that he was choked by Officer Robertson, but did not complain of any injury. *Id.*

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

### I. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249-50. Courts must "view the facts in the light most favorable to, and drawing all reasonable inference in favor of the nonmoving party." *Moore v. Mkasey*, 305 F. App'x 111, 114 (4th Cir. 2008) (citing *Garfolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 198 (4th Cir. 2005)). "[H]oever, such inferences must 'fall within the range of reasonable probability

3

and not be so tenuous as to amount to speculation or conjecture.'" *Id.* (citing *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995)).

**II.    Excessive Force**

Plaintiff alleges that the Magistrate Judge erred in finding that Plaintiff was not subjected to cruel and unusual punishment in violation of the Eighth Amendment. The court disagrees. Whether cruel and unusual punishment has been inflicted upon a prisoner in violation of the Eighth Amendment requires the court to analyze subjective and objective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

A.    Objective Component

In establishing the objective component of an excessive force claim, a plaintiff must show that the alleged wrongdoing was objectively "harmful enough" to demonstrate a violation of the constitution. *Hudson v. McMillian*, 503 U.S. 1 (1992). In making this determination, courts must take into account the seriousness of the alleged injury in relation to the need for force under the circumstances. *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998). The Fourth Circuit has held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). The Fourth Circuit has also held that de minimis injury can be conclusive evidence that de minimis force was used. *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir. 1997).

Several cases in this Circuit have explored whether injuries are de minimis for the purposes of an excessive force claim. In *Norman v. Taylor*, for example, the Fourth Circuit found that a prisoner's allegations that a prison official began swinging his keys in the direction of the prisoner's face, hitting the prisoner in the hand and causing the thumb to swell alleged no more than a de

minimis injury. 25 F.3d at 1260-61, 1263-64. In that case, the court affirmed the district court's grant of summary judgment to the defendants in a prisoner's excessive force claim. *Id.* In *Riley v. Dorton*, 115 F.3d 1159 (4th Cir. 1997), the plaintiff alleged that an officer inserted a pen into the plaintiff's nose and threatened to rip it open, and slapped the plaintiff in the face with medium force, scraping the plaintiff's face with his fingernails. *Id.* at 1161. In that case, the Fourth Circuit again affirmed a lower court's grant of summary judgment, finding that the plaintiff alleged only de minimis injuries.

In *Stanley v. Hejirika*, 134 F.3d 629 (4th Cir. 1998), the Fourth Circuit overruled a denial of summary judgment finding that a plaintiff's allegations were de minimis when, in the course of subduing a prison disturbance, officers used force against the plaintiff who sustained bruising, swelling, and a loosened tooth. *Id.* at 636. In *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir. 1998), another excessive force case, the plaintiff alleged that he was hit in the back of the head, punched in the ribs, kneed in the back, and had a small wooden object shoved into his nose and his mouth, causing his nose to bleed and his tooth to crack. *Id.* at 481. Medical records in the *Taylor* case indicated that the plaintiff had abrasions on his wrists and ankles, slight swelling in the jaw, tenderness over some ribs, and some excoriation of the mucus membranes of his mouth. *Id.* at 481-82. The Fourth Circuit affirmed the district court's grant of summary judgment to the defendant officers finding that these injuries were no more than de minimis because they involved only temporary swelling and irritation. *Id.* at 484.

In contrast, in *Phomphackdi v. Spartanburg County*, C/A No. 9:05-3084, 2007 WL 858736 (D.S.C. 2007), the district court denied summary judgment because the claimed injuries were not de minimis when the plaintiff suffered a fractured nose and lacerations on his face, which were well

documented in the plaintiff's medical records. *Id.* at *3. In *Sanders-El v. Spielman*, 38 F. Supp. 2d 439 (D. Md. 1999), the district court denied summary judgment finding that a plaintiff's injuries– "a small ecchymotic area under the right eye, swelling over the left elbow, tenderness around his ribs, wrists, and elbow, and a later complaint about the injured elbow"–were not de minimis. *Id.* at 439-40. The district court distinguished *Norman* because in *Sanders-El*, the use of force was unprovoked. *Id.*

With regard to the objective component, the Magistrate Judge found that even when viewing the facts in the light most favorable to Plaintiff, Plaintiff's claim must fail because he alleges no more than a de minimis injury. Plaintiff appears to disagree with this assessment, alleging that he still has difficulty swallowing as a result of the incident and has had to see a doctor outside of the correctional facility.

As noted herein above, Plaintiff did not complain of any difficulty swallowing during his visit to the SCDC medical facility three days after the alleged incident. Plaintiff could move his head from side to side and no marks were apparent on his neck. Plaintiff's objection is without merit.

  B.  <u>Subjective Component</u>

In determining whether the subjective element of an excessive force claim is met, a court must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is because appropriate force may be used by prison officials when it is intended to maintain or restore discipline within a prison institution. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In determining whether prison officials acted maliciously and sadistically, courts should balance several factors including: 1) the need for the application of force, 2) the relationship

between that need and the amount of force used, 3) the threat "reasonably perceived by the responsible officials," 4) any efforts to mitigate the severity of the force used, and 5) the absence of serious injury. *Hudson*, 503 U.S. at 7.

The Magistrate Judge found that Officer Robertson was making a good faith effort to get control of and protect Plaintiff after he disobeyed the order to hand over the object and swallowed it. Plaintiff appears to contest this finding, claiming that he was not out of control and that there was no legitimate need for the use of force under the circumstances.

The court notes that Plaintiff does not contest Officer Robertson's statement that Plaintiff disobeyed a direct order to hand over the object, or that the object was swallowed. Under the circumstances, some application of force by Officer Robertson would be appropriate. However, Plaintiff's claim that Officer Robertson chose to choke Plaintiff in a malicious and sadistic manner finds no support in the evidence. The lack of bruising and swelling on Plaintiff's neck in particular does not support an inference that Officer Robertson applied more than de minimus force, if force was applied at all, to prevent Plaintiff from swallowing an object.. Plaintiff's allegations amount to no more than conjecture, which cannot support a denial of summary judgment.

### III. Other Claims

Plaintiff does not object to any of the Magistrate Judge's other findings. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusions that: 1) Plaintiff's motion for a preliminary injunction should be denied as moot, 2) Defendants are entitled to qualified immunity, and 3) to the extent Plaintiff may be attempting to assert state law claims for assault, these claims

should be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The court adopts the recommendation of the Magistrate Judge. Based on the foregoing, the court **grants** Defendants' motion for summary judgment (Entry 47). The court **denies** Plaintiff's motion for a preliminary injunction (Entry 21). To the extent that Plaintiff alleges state law claims for assault, these claims are dismissed pursuant to 28 U.S.C. § 1367.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

January 26, 2010
Columbia, South Carolina