IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Larry Williams, #94203, | ) | |
| | ) | C.A. No. 3:08-3867-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Officer Robertson; Warden McCall; Major | ) | |
| Bush; Caroline Lindsey, Staff Attorney; | ) | |
| Lt. Williams; Lt. Earl; Capt. Absten; Capt. | ) | |
| Tich; Debra Barnwell; Mr. Jon Ozmint, | ) | |
| Director; and Stephen Clayton, Warden, | ) | |
| | ) | |
| Defendants. | ) | |

Larry Williams ("Plaintiff"), appearing *pro se*, filed the within action pursuant to 42

U.S.C. § 1983 on December 1, 2008, seeking damages and injunctive relief. At the time of the

alleged incident, Plaintiff was housed at the Perry Correctional Institution of the South Carolina

Department of Corrections ("SCDC"). Plaintiff was subsequently moved to the Lieber

Correctional Institution of the SCDC. Plaintiff appears to allege in his complaint that Officer

Robertson; Warden McCall; Major Bush; Carolina Lindsay, Staff Attorney; Lieutenant

Williams; Lieutenant Earl; Captain Absten; Captain Tich; Debra Barnwell; Mr. Jon Ozmint,

Director; and Stephen Clayton, Warden ("Defendants") violated his constitutional rights by

subjecting him to excessive force. Plaintiff also requests that he be transferred to a different

correctional institution and that various prison officials be criminally prosecuted.

## FACTS

Plaintiff alleges that Officer Robertson choked him on September 5, 2008 during a mid-

day transfer at Perry Correctional Institution. Officer Robertson denies choking Plaintiff. ECF

No. 71-1. Officer Robertson claims that he witnessed another prisoner pass Plaintiff an object of

some kind during the September 5, 2008 transfer. *Id.* Officer Robertson claims that he placed his right hand on Plaintiff's left shoulder and ordered Plaintiff to spit the object out, but that Plaintiff swallowed the object. *Id.* Officer Robertson states that he was trying to prevent Plaintiff from swallowing the potentially harmful object. *Id.* Plaintiff does not deny being passed an object by another prisoner and swallowing it. Plaintiff avers that the object was a legal case number or a phone number on a piece of paper.

Plaintiff's medical records from the SCDC indicate that on September 8, 2009, Plaintiff complained that he had been grabbed by his neck over the weekend by an SCDC officer and that his entire neck hurt. ECF No. 71-3 at 2-3. The record from that date indicates that no marks or swelling were observed on Plaintiff's neck, and that Plaintiff had no difficulty turning his head from side to side or swallowing at that time. *Id.* The medical records further indicate that Plaintiff did not complain about his neck during subsequent visits to the SCDC medical facility. *Id.* at 3. On September 25, 2008, during a visit to the mental health clinic, Plaintiff alleged that he was choked by Officer Robertson but did not complain of any injury. *Id.* at 3-4.

## PROCEDURAL HISTORY

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On June 26, 2009, Defendants filed a motion for summary judgment. ECF No. 47. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on June 29, 2009, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 48. On August 25 and 27, 2009, Plaintiff filed responses. ECF No. 54 & 55.

2

On September 24, 2009, the Magistrate Judge filed a Report and Recommendation[1] recommending that: 1) Defendants' motion for summary judgment be granted, 2) any remaining state law claims be dismissed *sua sponte*, and 3) Plaintiff's motion for a preliminary injunction be denied.  ECF No. 57.  The Magistrate Judge specifically found that Plaintiff alleged no more than *de minimis* injuries and that Plaintiff could not establish that force was inflicted sadistically and maliciously for the sole purpose of causing harm.  Plaintiff filed objections to the Report and Recommendation on October 7, 2009.  ECF No. 58.  On January 26, 2010, this Court issued an order granting Defendants' motion for summary judgment, denying Plaintiff's motion for a preliminary injunction, and dismissing any state law claims.  ECF No. 59.

Plaintiff filed a notice of appeal on February 2, 2010.  ECF No. 61.  On December 13, 2010, the Fourth Circuit vacated this Court's judgment and remanded the case for further proceedings.  ECF No. 65.  The Fourth Circuit found that *Riley v. Dorton*, 115 F.3d 1159 (4th Cir. 1997), and *Norman v. Taylor*, 25 F.3d 1259 (4th Cir. 1994), on which this Court relied in granting Defendants' motion for summary judgment, had been abrogated by the Supreme Court's decision in *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010).  The Supreme Court held in *Wilkins* that the Fourth Circuit "ha[d] strayed from the clear holding" of *Hudson v. McMillian*, 503 U.S. 1 (1992), by requiring a prisoner alleging an Eighth Amendment claim for excessive force to have suffered more than a *de minimis* injury.  *Id.* at 1178-79.  The Supreme Court reaffirmed *Hudson*, holding that a prisoner need not allege more than a *de minimis* injury to state

---

[1]    The Magistrate Judge construed Plaintiff's requests for a transfer and for the criminal prosecution of prison officials as a motion for a preliminary injunction.  The Magistrate Judge also found that Plaintiff may be attempting to state claims under state law for assault.

an Eighth Amendment claim for excessive force, and emphasizing that the "core judicial inquiry" is whether the force used was "nontrivial" and was "applied . . . maliciously and sadistically to cause harm." *Id.* at 1179.

On May 6, 2011, Defendants filed a motion for summary judgment. ECF No. 70. The Court issued a *Roseboro* order on May 9, 2011. ECF No. 72. Plaintiff filed a response in opposition on June 3, 2011. ECF No. 75.

### **DISCUSSION**

**I.     Summary Judgment Standard**

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). "All that is required is that sufficient evidence

4

supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties'

differing versions of the truth at trial." *Anderson*, 477 U.S. at 249 (quotation omitted).

## II.     Excessive Force

Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the

Eighth Amendment.  To prove such a claim, a plaintiff must prove that the officials involved

"act[ed] with a sufficiently culpable state of mind" and that the wrongdoing was "objectively

harmful enough to establish a constitutional violation." *Hudson v. McMillan*, 503 U.S. 1, 8

(1992) (quotation omitted).  Although some types of harm may be too minor to give rise to a

constitutional violation, a plaintiff need not show that "serious injury" resulted.  *Id.* at 8-10.

Rather, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to

maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id.* at 6-7 (1992).

"In determining whether the use of force was wanton and unnecessary," a court may evaluate

"the need for application of force, the relationship between that need and the amount of force

used," the "extent of injury suffered," the "threat reasonably perceived by the responsible

officials, and any efforts made to temper the severity of a forceful response."  *Id.* at 7 (quotation

omitted).  "The extent of injury suffered by an inmate is one factor that may suggest whether the

use of force could plausibly have been thought necessary in a particular situation, or instead

evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a

knowing willingness that it occur."  *Id.* (quotation omitted).

Although Plaintiff contends that there was no need for the use of force during the

September 5, 2008 incident, he does not contest Officer Robertson's statement that Plaintiff

attempted to swallow an object that he had received from another inmate despite Officer

5

Robertson's order to hand over the object. In light of the need to prevent Plaintiff from swallowing a potentially harmful object and to detect contraband brought into the prison, the use of some force was justified. Furthermore, the extent of Plaintiff's injury belies his claim that Officer Robertson maliciously and sadistically choked him. The records of Plaintiff's medical visits following the incident, which show an absence of any demonstrable symptoms of neck or throat injury, suggest that Officer Robertson used force that was plausibly necessary under the circumstances and did not maliciously attack Plaintiff for the purpose of causing harm. Because no reasonable jury could find that Officer Robertson used excessive force against Plaintiff to sadistically and maliciously cause harm, Defendants are entitled to summary judgment.

## III.    Other Claims

Based on the Magistrate Judge's Report and Recommendation, this Court denied Plaintiff's motion for a preliminary injunction in its January 27, 2010 order. ECF No. 59. This holding is not affected by the Supreme Court's holding in *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010). Accordingly, Plaintiff's motion for a preliminary injunction is denied for the reasons stated in this Court's January 27, 2010 order and the Magistrate Judge's Report and Recommendation. Furthermore, to the extent that Plaintiff alleges state law claims for assault, the Court declines to address these claims. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on the foregoing, the court **grants** Defendants' motion for summary judgment. The court **denies** Plaintiff's motion for a preliminary injunction. To the extent that Plaintiff alleges state law claims for assault, these claims are dismissed.

**IT IS SO ORDERED.**

6

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

December 7, 2011
Columbia, South Carolina